O; **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01633 AHM (JCx) | Date | August 22, 2011 |
|---|---|---|---|

| Title | CHARLES STANTON v. WELLS FARGO HOME MORTGAGE, INC., et al. |
|---|---|

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiff:     Attorneys **NOT** Present for Defendants:

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

Before this Court is Defendant Wells Fargo's Motion to Dismiss Plaintiff's First Amended Complaint ("FAC").[1] Defendant NDeX filed a Notice of Joinder in Defendant Wells Fargo's Motion. Dkt. 39. Plaintiff, who is pro se, filed a much-belated opposition to the Motion on August 15, 2011, Dkt. 43, one week *after* Defendant Wells Fargo filed a notice of non-opposition. Dkt. 40. "The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." Local Rule 7–12. In addition, the motion appears meritorious on its face. Accordingly, the Court GRANTS the Motion.

**The Prior Motion to Dismiss**

On May 10, 2011, the Court granted in part and denied in part Defendant Wells Fargo's Motion to Dismiss the initial complaint, which Defendant NDeX had joined. Dkt. 22. There, the Court dismissed most of the federal causes of action with prejudice (TILA, HOEPA, RESPA, UDCPA, and FCRA claims) because they were time-barred, but granted Plaintiff leave to amend only his civil RICO claim. As to Plaintiff's state law claims, the Court noted the following:

> The Court DENIES Defendant's Motion as to Plaintiff's state law claims. This denial is made without prejudice, and Defendant may accordingly file a renewed motion on these claims after Plaintiff has filed an FAC, and the Court has made a determination as to the existence of

---

[1]Dkt. 33.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01633 AHM (JCx) | Date | August 22, 2011 |
|---|---|---|---|
| Title | CHARLES STANTON v. WELLS FARGO HOME MORTGAGE, INC., et al. | | |

independent federal jurisdiction over this action. If Plaintiff fails to file a FAC or the RICO claim in any FAC he does file is dismissed with prejudice, the Court will issue an order declining to exercise jurisdiction under 28 U.S.C. § 1367 over the state-law based claims and dismissing those claims without prejudice.

Dkt. 22, at 5. As to the lack of specificity of Plaintiff's RICO allegations, the Court noted:

> Plaintiff's RICO claim appears to be barred by the statute of limitations . . . [But] Plaintiff has alleged violations occurring up to the present, which because of their recent and ongoing occurrence, might survive the statute of limitations. However, these allegations fail to meet the particularity requirements for a RICO claim, because they fail to 'state the time, place, and specific content of the false representations' . . . . The Court accordingly DISMISSES Plaintiff's civil RICO cause of action with leave to amend so that Plaintiff may file an amended complaint to plead these allegations with the required specificity.

Dkt. 22, at 3-4.

## **The Current Motion to Dismiss**

Plaintiff timely filed an FAC, in which he alleged only four causes of action: (1) RESPA; (2) TILA; (3) civil conspiracy; and (4) civil RICO. Dkt. 28. The Court has already dismissed Plaintiff's RESPA and TILA claims with prejudice, see Dkt. 22, and those claims accordingly remain dismissed.

In addition, Plaintiff omitted all state law causes of action in his FAC, with the exception of civil conspiracy. Claims in the original complaint that are not realleged in the amended complaint are no longer before the Court. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Therefore, Plaintiff's only remaining state-law cause of action is for civil conspiracy.

Moreover, Plaintiff has failed to amend his civil RICO cause of action to include allegations that meet the requirements for pleading RICO and doing so with specificity.

O; **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01633 AHM (JCx) | Date | August 22, 2011 |
|---|---|---|---|
| Title | CHARLES STANTON v. WELLS FARGO HOME MORTGAGE, INC., et al. | | |

The Court noted in its May 10, 2011 Order that Plaintiff's RICO cause of action appeared time-barred, unless Plaintiff could allege with specificity violations occurring within the limitations period. Dkt. 22, at 3.[2] Plaintiff has failed to do so. For example, not only does Plaintiff begin his amended RICO claim with the allegations copied verbatim from his original complaint, *see* FAC 13:18-25, but he also includes a list of string cites to legal decisions instead of a list of specific facts. (Perhaps this is because, as Plaintiff acknowledged at today's hearing, the contents of his FAC largely were lifted from the Internet. Thus, although there is only one plaintiff, the FAC repeatedly refers to "plaintiffs" (plural)). Plaintiff fails to "state the time, place, and specific content of the false representations," *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004) (citing *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1989)). In addition, the predicate acts of intentional nondisclosure, material misrepresentation, and creation of fraudulent loan documents are still only conclusorily alleged. *See, e.g., Miller v. Washington Mut. Bank FA*, --- F. Supp. 2d ----, 2011 WL 845935, *6 (N.D. Cal. Mar. 8, 2011) (Alsup, J.) (dismissing plaintiff's civil RICO cause of action in a home foreclosure action where plaintiff alleged eight predicate acts, including mail fraud, wire fraud, and conversion, but "has not satisfied the particularity required by Rule 9(b), as she only conclusorily alleged these predicate acts").

In addition to failing to allege with specificity the alleged RICO violations, Plaintiff refers multiple times in his RICO allegations to "the bar" and "bar associates," supposedly as the "enterprise" necessary for a RICO claim. *See, e.g.,* FAC at 14:21, 15:16. Plaintiff also refers to the Orwells, *see* FAC at 15:7, also not a party to the action. Plaintiff also includes allegations against MERS, *see* FAC at 19-21, when MERS is not a party to this action. These are just a few examples of how the FAC fails to achieve the exacting requirements for pleading a RICO cause of action.

Plaintiff's arguments in his belated opposition are unavailing. He states, in

---

[2] Regarding the statute of limitations for RICO claims, the Court noted in its May 10, 2011 Order: "Plaintiff's RICO claim appears to be barred by the statute of limitations. The statute of limitations for civil RICO claims is four years. *Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143, 156 (1987). Here, Plaintiff signed his loan documents on April 10, 2003, more than eight years before he filed this lawsuit." Dkt. 22, at 3.

O; **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01633 AHM (JCx) | Date | August 22, 2011 |
|---|---|---|---|
| Title | CHARLES STANTON v. WELLS FARGO HOME MORTGAGE, INC., et al. | | |

essence, that Defendant Wells Fargo has failed to support its Motion "with any facts drawn from Plaintiff's complaint that would indicate how Plaintiff's complaint fails." Opp. at 2. Defendant Wells Fargo, however, has cited throughout its Motion directly to Plaintiff's complaint. Plaintiff also includes a mishmash of undecipherable arguments, including an objection to the Motion under Federal Rule of Evidence 602, because "Defendants are decedents, [and] are giving what appears to be testimony, which they have neither VERIFIED nor attested to," Opp. at 2, and states that Defendant "fails to meet the 'with particularity' standard," Opp. at 3, which is not the applicable standard for the actual motion to dismiss.

The Court, therefore, finds Plaintiff has failed to state a cause of action under RICO, GRANTS the Motion to Dismiss, and dismisses his RICO cause of action — his only federal cause of action — without prejudice.[3] Such dismissal and result will not necessarily preclude Plaintiff, or the trustee in bankruptcy, from pursuing RICO claims in an adversary proceeding.[4]

Under 28 U.S.C. § 1367, the Court declines to exercise jurisdiction over Plaintiff's remaining state law claim of civil conspiracy. Perhaps plaintiff or the trustee will pursue that claim in state court. The clerk shall cause this case to be closed.

|  | : |
|---|---|
| Initials of Preparer | SMO |

**JS-6**

---

[3] Dkt 33.

[4] Plaintiff disclosed at today's hearing that he filed a bankruptcy petition and is now the debtor in bankruptcy court. The Court had been unaware of that.